Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3143 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Partipilo vs. U.S.A. | | |

**DOCKET ENTRY TEXT**

Partipilo's Motion to Proceed *In Forma Pauperis* is granted. Finally, the Court instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration, who is the only proper defendant in an action pursuant to 42 U.S.C. § 405(g). Plaintiff's motion for appointment of counsel is granted.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Francesco Partipilo ("Partipilo") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. In his *pro se* Complaint, Partipilo challenges the computation of his Social Security benefits by the Appeals Council of the U.S. Social Security Administration. For the following reasons, the Court grants both his Motion to Proceed *In Forma Pauperis* and his Motion for Appointment of Counsel.

On February 24, 2011, an administrative law judge ("ALJ") determined that Partipilo's self-employment income between 1993 and 1994 should be included in the computation of his insured status and retirement insurance benefits. The Social Security Administration's Great Lakes Program Service Center protested the case on April 18, 2011, and sought review of the ALJ's decision by the Social Security Administration Appeals Council. On August 24, 2011, the Appeals Council chose to reopen the ALJ's February 2011 decision, and on November 9, 2011, the Appeals Council rejected the ALJ's conclusion that Partipilo's self-employment income should be included in the calculation of his benefits. Partipilo filed his Complaint with this Court on April 27, 2012, seeking judicial review of the adverse determination of the Appeals Council.

Under 28 U.S.C. § 1915(a), the Court may allow Partipilo to proceed *in forma pauperis* if he is unable to pay mandated court fees. Partipilo need not be penniless to proceed *in forma pauperis* and is eligible for such status if payment of the filing fee will prevent him from providing for life's necessities. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). According to his financial affidavit, Partipilo worked in the United States from 1993 to 2004. Presently, both he and his wife are unemployed, with a monthly Social Security benefit of $1,300 as their only reported source of income. Partipilo owns no real or personal property worth over $1,000 aside from a $3,000 automobile, nor does he have more than $200 in cash or in a checking or savings account. Based on these facts, Partipilo's financial affidavit demonstrates his inability to pay the mandated court fees.

In addition to considering Partipilo's financial status, § 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Although Partipilo's *pro se* Complaint is less than clear, he appears to challenge both (1) the timeliness of the Appeals Council's decision to reopen his case following the February 2011 decision of the ALJ, and (2) the final determination of the Appeals Council reversing the ALJ's decision and thereby reducing Partipilo's benefits.

In order to determine whether Partipilo has stated a claim upon which relief may be granted, the Court must first consider whether Partipilo filed his Complaint in a timely fashion. Generally, an individual may challenge a final determination by the Appeals Council by bringing a civil action in a federal district court within 60 days of the Council's adverse determination. *See* 42 U.S.C. § 405(g); *accord Sims v. Apfel*, 530 U.S. 103, 106-107 (2000). However, the Administration may grant a claimant additional time to file such an action when "a claimant ask[s] for an extension in writing, giving the reasons for the request." *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) (citing 20 C.F.R. §§ 404.911, 404.982). Here, more than 60 days have elapsed since the Appeals Council's November 2011 determination regarding Partipilo's retirement benefits. However, on March 28, 2012, the Council granted Partipilo an extension to file a civil action challenging this determination within 30 days of his receipt the extension letter. Thereafter, Partipilo filed his Complaint on April 27, 2012, and his Complaint is thus before this Court in a timely manner.

Turning to the pleadings in Partipilo's Amended Complaint, a suit challenging a review by the Appeals Council will be considered frivolous if the petitioner "can make no rational argument in law or fact to support [his] claims for relief." *Greathouse v. Comm'r of Soc. Sec.*, 2000 WL 1847613 (N.D. Ill. Dec. 14, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). Further, in addressing a *pro se* litigant's complaint, the court must construe the complaint liberally. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir.2006). As previously noted, Partipilo alleges that the Appeals Council's decision to unilaterally review the favorable decision by ALJ did not comply with the statutory deadline for such action. He further argues that the ALJ correctly concluded that Partipilo's self-employment income from 1993 and 1994 should be included in the computation of his retirement benefits. The Court cannot conclude that these allegations, on their face, are unsupportable by rational argument in law or fact. For this reason, the Court finds that Partipilo's claim, as alleged, is not frivolous. Thus, because he is unable to pay the fees and costs associated with filing a claim in federal court, Partipilo's Motion to Proceed *In Forma Pauperis* is granted.

Partipilo has also filed a Motion for Appointment of Counsel. The Court is authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court must ask "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). If the plaintiff has not made reasonable efforts to obtain counsel on his own, the court must "deny [the motion] out of hand." *Farmer*, 990 F.2d at 321 (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992)). Partipilo states in his motion that he sought representation from Donald L. Bertelle and John E. Lusak, and that both attorneys refused to represent him in the instant action. Likewise, the complex nature of the Social Security Administration's appeals procedure and Partipilo's limited English language skills advise against requiring Partipilo to litigate his case in the instant action. As such, the Court finds that Partipilo has made reasonable efforts to obtain counsel on his own and grants his Motion for Appointment of Counsel.

| STATEMENT |
|---|
|     Finally, the Court instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration, who is the only proper defendant in an action pursuant to 42 U.S.C. § 405(g) |